IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN R. JACKSON,                         )
                                          )
                Plaintiff,        )
                                          )
vs.                                       )   Case No. 09-cv-0929-MJR-PMF
                                          )
HAAS ENVIRONMENTAL,                       )
                                          )
                Defendant.        )

## MEMORANDUM AND ORDER

Reagan, District Judge:

On November 4, 2009, Kevin Jackson filed a pro se complaint in this United States District Court, alleging employment discrimination by his former employer, Haas Environmental of Granite City, Illinois. Although Jackson used a form complaint for suits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., his complaint appears to allege not only race discrimination (which would fall within Title VII's protections)[1] but also age discrimination (potentially asserting a claim under the Age Discrimination in Employment Act, 29 U.S.C. 621, et seq.).

With his pro se complaint, Jackson filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel. By granting a motion for pauper status, a federal district court authorizes a lawsuit to proceed without *prepayment* of fees.

---

[1] Title VII prohibits an employer from discriminating against an employee with respect to compensation and other terms/conditions of employment based on the employee's race, color, religion, sex, or national origin. ***De la Rama v. Illinois Dept. of Human Services,* 541 F.3d 681, 685 (2008),** *citing* **42 U.S.C. 2000e-2(a)(1).**

*See* **28 U.S.C. 1915(a)(1)("any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees....").** Additionally, § 1915(e)(1) authorizes a federal court to "request an attorney to represent any person unable to afford counsel."

Before the court can grant pauper status or appoint counsel, however, it must carefully screen the complaint filed by the pro se plaintiff. Indeed, § 1915(e)(2) *requires* federal courts to dismiss any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief from a defendant who is immune from such relief.

In the case at bar, Jackson's allegation of poverty is well-supported. Nothing indicates that his action is frivolous or malicious. The named defendant is not immune from relief. And at this point, the Court cannot conclude that his action fails to state any claim upon which relief could be granted. The complaint alleges that Jackson took the necessary steps before filing this suit, i.e., filed a charge with the Equal Employment Opportunity Commission (EEOC), obtained a right-to-sue-letter from the EEOC (issued August 31, 2009), and filed suit within 90 days of receiving that letter.

Accordingly, the Court **GRANTS** Jackson's motion for pauper status (Doc. 2). Because Jackson proceeds without the benefit of counsel, the Court **DIRECTS** the Clerk's Office to prepare and issue summons for the named Defendant and **DIRECTS** the United States Marshals Service to serve the named Defendant. If a USM-285 form is needed for service, the Clerk's Office also shall prepare the USM-285.

But the Court **DENIES AT THIS TIME** Jackson's motion for appointment of counsel (Doc. 3).   Certain factors inform the Court's decision on whether to appoint a lawyer for an indigent litigant in a civil case.  Those factors include, for instance, the merits of the plaintiff's claims, the plaintiff's ability to investigate the facts of the case without the aid of counsel, and the complexity of the legal issues presented by the case.  ***See Pruitt v. Mote,* 503 F.3d 647,  649 (2007);** *McKeever v. Israel***, 689 F.2d 1315, 1320-21 (7th Cir. 1982).**

Before assessing these factors, however, the Court must ascertan "if the indigent has made reasonable efforts to retain counsel and was unsuccessful" or was effectively precluded from making any such efforts.  ***Pruitt*, 503 F.3d at 654;** *Jackson v. County of MacLean***, 953 F.2d 1070, 1072-73 (7th Cir. 1992).**  Jackson's motion and the record before this Court contain no indication that Jackson tried (and failed) to hire a lawyer before he asked this Court to appoint one for him.  Therefore, the Court denies the motion to appoint counsel, a decision which can be revisited at a later date in these proceedings.

IT IS SO ORDERED.

DATED November 6, 2009.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge